In re FRANKLIN NATIONAL BANK SECURITIES LITIGATION.

Robert GOLD, on behalf of himself and on behalf of all others similarly situated, Plaintiff,

and

Louis Pergament, Intervenor-Plaintiff,

v.

ERNST & ERNST et al., Defendants.

No. 75C 684.

United States District Court, E. D. New York.

Oct. 28, 1976.

Supplemental Memorandum and Order Nov. 30, 1976.

Milberg & Weiss, New York City, for Robert Gold.

Jessel Rothman, Mineola, N.Y., for Louis Pergament.

Poletti Freidin Prashker Feldman & Gartner, New York City, for defendant Crosse.

Battle, Fowler, Lidstone, Jaffin, Pierce & Kheel, New York City, for defendant Luftig.

DiFalco, Field, Lomenzo & O'Rourke, New York City, for defendant Bordoni.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Gleason.

Mudge, Rose, Guthrie & Alexander, New York City, for defendant Sindona.

Davis, Polk & Wardwell, New York City, for defendant Ernst & Ernst.

## MEMORANDUM

PLATT, District Judge.

Pursuant to this Court's memorandum and findings dated April 5, 1976, holding "that the claims of the representative parties [plaintiffs] are typical of the claims of the class described below, that the representative parties will fairly and adequately protect their interests, and that the class should consist of all purchasers of common stock, preferred stock, or capital notes of Franklin New York Corporation who gave their orders for purchase between July 16, 1973 and May 16, 1974," and pursuant to such memorandum and the decisions made at the pretrial conference held in this Court on September 3, 1976, the liaison attorneys for the class plaintiff have submitted a revised order certifying the class and designating the manner and time of notice and the attorneys for the defendant, Howard D. Crosse, have submitted a counter-order certifying the class and designating the manner and time of notice, and the parties have submitted affidavits and memoranda in support of their respective proposed orders.

The affidavits and memoranda raise two issues: first, whether the plaintiffs must pay the cost of forwarding the notice from the brokerage firms to class members whose securities are held in "street" name, and second, whether the notice to class members should include a voluntary proof of claim form.

In the consolidated amended complaint filed on or about April 1, 1976, in this class action, plaintiff alleges that he is suing on behalf of persons or entities who purchased securities, debt or equity of Franklin New York Corporation ("Franklin") during the period between July 16, 1973 and May 16, 1974, and seeks to recover damages sustained by such purchasers as a result of alleged violations by the defendants of the Federal Securities Laws (§ 10-b of the Securities Exchange Act of 1934 and Rule 10(b)(5) promulgated thereunder) and the common law. Plaintiff's claims assertedly arise out of alleged failures by defendants to disclose material facts concerning the results of operations and the economic condition of Franklin's subsidiary, the Franklin National Bank ("FNB").

In essence, plaintiff contends that materially misleading representations and omis-

sions occurred in various documents, including Franklin's annual report to shareholders for 1972 and 1973, and Franklin's interim reports to shareholders for the first three quarters of 1973 and the first quarter of 1974. The misrepresentations and omissions alleged include: (i) failure to disclose pervasive uncertainty concerning FNB's ability to survive as a going concern; (ii) wrongful inflation of FNB's income and assets by failing to set forth a sufficient reserve for loan losses; (iii) failure to reveal the importance to FNB's operations of excessive and improper speculation and high risk foreign exchange transactions; (iv) failure to reveal inadequate internal control of foreign exchange trading activities and the existence of numerous activities designed to conceal material foreign exchange losses; (v) wrongfully reporting as an asset certain "tax benefits" which had unlikely prospects of being realized; (vi) overstatement of trading account income and of the value of investment account securities, and (vii) understating of trading account losses.

The main defendants are Franklin's independent accountants, certain former officers and directors of Franklin and FNB and certain former employees in the foreign exchange and international division of FNB. The defendants have interposed general denials and have asserted various defenses, cross-claims and third-party claims.

■ With respect to the first of the two issues raised by the parties, there are two recent decisions in this Circuit, the first of which indicates and the second of which holds that the "plaintiff, and not the brokerage firms, must bear the cost of notifying class members." *Sanders v. Levy, et al.*, (2d Cir., Slip op. 4577, June 30, 1976); *Weiss v. Drew National Corporation, et al.*, (S.D.N.Y. 75 Civ. 4816, July 15, 1976).

In the *Sanders* case the plaintiffs were stockholders of a mutual fund who brought both class and derivative claims against the Fund's directors and investment advisor.

For purposes of the derivative claims only, the Fund itself was joined as a nominal defendant but no class claims were asserted against it. The District Court imposed the costs of extracting the names and addresses of the class members from the Fund's magnetic tapes on the Fund. In reversing, the Court of Appeals held that it was "totally improper to impose costs on the Fund" because the Fund was not a party to the class action claims (Slip op. at p. 4583).

If anything, the facts in the case at bar present an *a fortiori* situation to the facts in the *Sanders* case because here the brokerage firms whose customers comprise a part of the class are not as involved as the mutual fund might be said to have been in the *Sanders* case.

In addition, as indicated, the facts in the *Weiss* case appear to be on "all fours" with those in the case at bar and Judge Stewart was of the opinion that the Court of Appeals decision in *Sanders* refusing to impose the costs on the mutual fund was determinative of the question presented here. We agree.

■ As to the second of the two issues, we fail to see the compelling need to forward at this time a voluntary proof of claim form [1] but at the same time do not believe it would be improper for the defendants to forward such a notice with the class action notice if the defendants wish to do so. However, in the event they elect so to do they will be required to bear 50% of the costs of mailing (including 50% of the brokerage firm costs) of the class action notice to the class action members and will be required to label the form either "Information for Class Determination" or "Tentative and Voluntary Proof of Claim."

■ With respect to paragraph 12 of plaintiffs' proposed Notice, Section 1.45 of the Manual for Complex Litigation (1975 Ed.) at p. 54 suggests [2] that inquiries by

---

1. As the plaintiffs point out, the Manual for Complex Litigation appears to advise against doing so (Section 1.45, page 56 (1975).

2. The Tentative Draft of the Fourth Revision of the Manual with Revisions to July 21, 1976 makes it clear that such suggestion is made (at pp. 71, 71a, and 71b) and should be followed.

potential members be made to the Court, and that the Court should supervise all responses to such inquiries. This paragraph should be amended to conform to this preferred practice.

The attorneys for the parties herein should confer and submit an appropriate order as soon as possible not inconsistent with the foregoing.

## SUPPLEMENTAL MEMORANDUM AND ORDER

■ Plaintiffs move for an order permitting reargument with respect to that portion of the Court's order dated October 27, 1976, which requires class action plaintiffs to bear the expense of identifying class members who are beneficial owners of securities held in street or nominee name or, alternatively, for an order pursuant to 28 U.S.C. § 1292(b) amending the Court's order of October 27, 1976, so as to certify an interlocutory appeal from the aforesaid portion of that order.

With respect to plaintiffs' motion to reargue, the Court grants such motion and after further consideration adheres to its original decision in its Memorandum dated October 27, 1976.

With respect to the alternative portion of such motion, liaison counsel for class plaintiffs have stated that if the Court certifies the foregoing question for an interlocutory appeal, they will expeditiously appeal this question to the Court of Appeals for this Circuit.

The Court will grant such request on condition that (after the defendants furnish to the plaintiffs within 10 days after the date hereof a list of the known nominees) liaison counsel at plaintiffs' expense (i) must furnish each of such nominees with a copy of this Court's Memorandum dated October 27, 1976, (ii) notify them that they are taking an immediate appeal to the Court of Appeals and (iii) advise them that they may wish to refer the matter to their counsel for appropriate action.

The other time provisions contained in the attached order dated November 30, 1976, are stayed until the resolution of such question on the proposed appeal. Should liaison counsel not proceed expeditiously on the proposed appeal, this Court will entertain an application to vacate this supplemental order.

Accordingly, the following certification will be deemed to be a part of the attached order dated November 30, 1976:

The undersigned is of the opinion that the attached order involves a controlling question of law as to which there is substantial ground of difference of opinion and that an immediate appeal from the attached order as authorized by 28 U.S.C. § 1292(b) may materially advance the ultimate termination of this litigation. It is ordered that all proceedings herein be stayed for 10 days from date of entry of this and the attached order. If, within such 10 days, the plaintiffs shall apply to the United States Court of Appeals for the Second Circuit for permission to appeal from this order and if the plaintiffs proceed as expeditiously as possible with such appeal, the proceedings herein shall be stayed pending determination of such application or of the appeal, if it is allowed.

SO ORDERED.

## ORDER CERTIFYING CLASS AND DESIGNATING MANNER AND TIME OF NOTICE

■ WHEREAS, plaintiff Gold moved by notice of motion dated November 26, 1974, together with an accompanying affidavit of Melvyn I. Weiss and a memorandum of law, for an order certifying that the action of *Gold v. Ernst & Ernst, et al.* proceed as a class action; certain defendants filed memoranda in opposition to such motion dated June 19, 1975, July 11, 1975, December 18, 1975, and February 5, 1975; plaintiff Gold further filed affidavits of Jared Specthrie (sworn to July 3, 1975) and of Melvyn I. Weiss (sworn to January 22, 1976), and a Response to Defendants' Sur-Reply Memorandum with Respect to Class Motion, and a Memorandum of Law dated July 3, 1975 in support of the motion; plaintiffs Gold,

Mendes and Pergament filed a further memorandum in support of the aforesaid motion dated January 22, 1976; plaintiff Bookstein submitted an affidavit of Robert Kornreich in support of the motion sworn to January 21, 1976; plaintiffs Gold, Mendes and Pergament filed Answers and Objections to Defendants' Class Action Interrogatories and plaintiff Gold filed an amended complaint on January 15, 1976;

AND WHEREAS, after due deliberation thereon, the Court determined in its Memorandum and Findings dated April 5, 1976 that class certification in the *Gold* action was proper and that the class should consist of all purchasers of common stock, preferred stock or capital notes of Franklin New York Corporation who "gave their orders for purchase" between July 16, 1973 and May 16, 1974 and further determined in its Memorandum and Order dated October 27, 1976, that plaintiffs must pay the cost of forwarding the notice from brokerage firms to class members whose securities are held in "street" name and that the notice to class members may include a voluntary proof of claim form upon certain conditions, and directed the parties to submit an Order in accordance with the foregoing;

AND WHEREAS, upon further consideration, it appears that the class is more properly defined to consist of all persons who purchased the above designated securities between the above designated dates (rather than those who gave "orders for purchase" between such dates) in light of mechanical difficulties inherent in the task of determining when the order for purchase was given;

NOW, THEREFORE, IT IS ORDERED, THAT:

1. The action of *Gold v. Ernst & Ernst, et al.* will proceed as a class action on behalf of all purchasers of common stock, preferred stock, or capital notes of Franklin New York Corporation who purchased any of such securities between July 16, 1973 and May 16, 1974.

2. Plaintiff Gold, intervenor plaintiff Pergament, and plaintiff Mendes of *Mendes v. Sindona, et al.*, are hereby designated as class representatives in the *Gold* action.

3. The form of notice attached hereto as Exhibit A ("the Notice") is the best Notice practicable under the circumstances to be sent to the members of the class. The Notice is in compliance with Rule 23(c)(2) of the Federal Rules of Civil Procedure.

4. Milberg & Weiss, liaison counsel for the class, be and hereby are designated to carry out the Notice program hereinafter set forth.

5. Milberg & Weiss shall expeditiously take such steps as may be necessary to obtain lists of the names and last known addresses of the class members defined herein in accordance with the provisions of this Order. Subject to the provisions of paragraph 10 of this Order, any persons who may have books or records containing the names and addresses of the class members or their nominees shall cooperate with Milberg & Weiss and make available to such counsel any and all such lists or other material for inspection and copying. Any such material within the possession, custody, or control of Sol Neil Corbin as trustee in bankruptcy of the Franklin New York Corporation, including lists or other material in the possession of any transfer agents of the Franklin New York Corporation, shall be furnished to Milberg & Weiss within 15 days of the date hereof.

6. On or before January 21, 1977, Milberg & Weiss shall cause a copy of the Notice to be mailed by first class mail to members of the class or their nominees, at their last known addresses as they appear on the books and records of the Franklin New York Corporation and/or the records of the transfer agent of Franklin New York Corporation and/or the trustee in bankruptcy of the Franklin New York Corporation.

7. Milberg & Weiss shall promptly rent a numbered Post Office Box in the City of New York, New York, in the name of the Clerk of the Court for the purpose of receiving communications and inquiries regarding Notice of this class action, and exclusion requests. All Notices to class members shall bear the caption of the consolidat-

ed litigation herein and of the *Gold* action, shall be sent in the name of the Clerk of the Court, and shall bear the designation of said Post Office Box as the return address.

8. On or before January 25, 1977, plaintiff Gold shall file in the Court proof by affidavit of the mailing of the Notice in compliance with this Order.

9. The Notice shall provide that any request for exclusion be postmarked on or before sixty (60) days from the date of the mailing of the Notice. Plaintiff Gold shall file with the Clerk of the Court and make available to defendants all requests for exclusion as they are received from members of the class in response to the Notice.

10. All costs and expenses incurred incident to the preparation and mailing of the Notice and the Request for Exclusion and Change of Address Form referred to therein, including but not limited to the cost of forwarding to beneficial owners by banks, brokerage firms and other institutions holding record title, shall be borne by the class representatives subject to further Order of the Court. In the event that defendants elect to forward, with the class action notice, the voluntary proof of claim form referred to in paragraph 11 of the Notice, they will be required to bear 50% of the costs of mailing (including 50% of the brokerage firm costs of identifying and mailing) of the class action notice to the class action members and will be required to label the form either "Information for Class Determination" or "Tentative and Voluntary Proof of Claim."

11. The Court reserves jurisdiction pursuant to F.R.Civ.P. 23(c)(1) to modify, alter or amend this Order.