In re GYPSUM ANTITRUST CASES.

**ADVANCE DRYWALL CO.,**
**Petitioner-Appellant,**

v.

**UNITED STATES GYPSUM CO. et al.,**
**Respondents-Appellees.**

No. 75–3756.

United States Court of Appeals,
Ninth Circuit.

Dec. 8, 1977.

Kenneth J. Fiott (argued), of Fiott & Burwell, Dearborn, Mich., for petitioner-appellant.

Harvey S. Kronfeld (argued), of Hudson, Wilf & Kronfeld, Philadelphia, Pa., Eileen Preville (appeared), San Francisco, Cal., for respondents-appellees.

Before KOELSCH and CHOY, Circuit Judges and FITZGERALD,* District Judge.

CHOY, Circuit Judge:

Advance Drywall Company (Advance) appeals from an order of the United States District Court for the Northern District of California disallowing its claim against the settlement fund in The Gypsum Antitrust Cases, 386 F.Supp. 959 (N.D.Cal.1974). The district court sustained the Claims Review Committee's objection to Advance's claim on the ground that it was not timely filed. We affirm.

On November 29, 1973, the district court approved a settlement between several classes of plaintiffs and a large number of gypsum products manufacturers in a consolidation of numerous antitrust actions from across the country. The court had previously ordered that by October 5, 1973, individual notice of the proposed settlement be given to all potential members of the classes whose addresses could be obtained.

---

* Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

Advance was among 471,315 persons to whom this notice was mailed.

Following approval of the settlement, the court ordered the mailing of a claim form describing the procedure for participation in the settlement fund. This notice, while posted to the same street address as the earlier settlement notice to Advance, was directed to Len's Dry Wall Company (Len's) and not to Advance. The sole stockholder of Len's, Leonard Pohutsky, was also an officer and minority stockholder of Advance, which had ceased doing business in 1967. Since Pohutsky was of the opinion that Advance was not entitled to participate in the settlement fund because it was no longer in business and because he did not receive notice addressed to Advance, he did not file a claim until approximately one year after the court's deadline, after learning that other persons no longer in business were participating in the settlement.

Advance contends on appeal that the district court's ruling denying its claim constituted an abuse of discretion, and that the notice addressed to Len's was insufficient to constitute notice to Advance under Fed. R.Civ.P. 23 as interpreted in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

### Sufficiency of notice

The instant class action proceedings were maintained under Fed.R.Civ.P. 23(b)(3). With respect to class actions maintained under this subdivision, rule 23(c)(2) provides in part:

> . . . the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

The required contents of the notice are enumerated in rule 23(c)(2), and include advising each class member of his right to opt out, of the res judicata effects of failing to do so, and of the right to appear in the action.

 The purpose of this notice requirement—mandatory only in (b)(3) actions, *see Sosna v. Iowa,* 419 U.S. 393, 397 n.4, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 n.14, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Larionoff v. United States,* 175 U.S.App.D.C. 32, 533 F.2d 1167, 1185 (1976), and cases cited; *Jiminez v. Weinberger,* 523 F.2d 689, 700 (7th Cir. 1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976); Note, *Developments in the Law—Class Actions,* 89 Harv.L.Rev. 1318, 1402 n.64 (1976)—is to present a fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard. *Marshall v. Holiday Magic, Inc.,* 550 F.2d 1173, 1177 (9th Cir. 1977); *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 323 F.Supp. 364, 378 (E.D. Pa.1970), *aff'd sub nom. Ace Heating & Plumbing Co. v. Crane Co.,* 453 F.2d 30 (3d Cir. 1971). In *Eisen v. Carlisle & Jacquelin, supra,* 417 U.S. at 176, 94 S.Ct. 2140, the Supreme Court made it clear that the individual notice requirement of rule 23(c)(2) is intended to insure that a judgment will bind all class members who do not opt out. *See also Jiminez v. Weinberger, supra* at 700. Advance does not claim it did not receive the settlement notice, or that this notice did not provide it the opportunity to opt out of or intervene in the proceedings.[1] Accordingly, the settlement notice, which was mailed specifically to Advance at an address provided by Advance's counsel in

---

1. Advance does claim that both the settlement notice and the claim notice were misleading because they did not state that a recipient could qualify even though it was no longer in business. However, both notices provided that they were applicable to "all persons and business entities . . . who *were* applicators or subcontractors who *purchased* and who *used* the gypsum [products] . . . ." (Emphasis supplied). Accordingly, we do not find the notices to be misleading in this respect. The notices were worded in such a way as to alert appellant to its rights, and are not required to provide a complete source of settlement information. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 122 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); *Rubenstein v. Republic Nat'l Life Ins. Co.,* 74 F.R.D. 337, 348 (N.D.Tex.1976).

**1126**

this litigation, satisfied the requirements of rule 23(c)(2) as interpreted in *Eisen*.[2]

Appellant urges, however, that *Eisen* and rule 23(c)(2) require not only individual notice of the existence of the class litigation, the class member's right to opt out, the res judicata effects of failure to opt out, and the right to appear in the action, but also of the procedure for making a claim against the settlement fund. Appellee does not dispute this, but argues that the requirement of individual notice was met when the claim notice was sent to Len's. In view of our holding that the settlement notice satisfied the particular requirements of rule 23(c)(2), however, we cannot agree that this rule requires the mailing of additional notices to appellant.[3]

▮ Instead, the proof of claim procedure ordered in this litigation is properly analyzed under rule 23(d)(2),[4] which pro-

vides authority for such additional notices. *Robinson v. Union Carbide Corp.*, 544 F.2d 1258, 1263–64 (5th Cir. 1977) (Wisdom, J., concurring); *B & B Investment Club v. Kleinert's, Inc.*, 62 F.R.D. 140, 148 (E.D.Pa. 1974); *Iowa v. Union Asphalt & Roadoils, Inc.*, 281 F.Supp. 391, 402 (S.D.Iowa 1968); *Harris v. Jones*, 41 F.R.D. 70, 74–75 n.9 (D.Utah 1966); 3B Moore's Federal Practice ¶ 23.55, at 23–1161 (2d ed. 1977); 7A C. Wright & A. Miller, Federal Practice & Procedure § 1787, at 159 (1972). Unlike the notice provided for in rule 23(c)(2), notice pursuant to 23(d)(2) "is discretionary rather than mandatory," *Robinson* at 1263; and instead of requiring individual notice to all class members who can be identified through reasonable effort, rule 23(d)(2) provides only that notice be given "in such manner as the court may direct . . . ." The sufficiency of the (d)(2) claim notice here is thus measured against the broader

---

**2.** The settlement notice, in addition to detailing the background of the litigation, provided:

YOU ARE ADVISED:

1. You may qualify as a member of one or more of the above defined classes.

2. If you are a member of one or more of the classes defined above, which include all plaintiffs and intervenors, you will be included in, and you will be bound by, any judgment in this litigation, including any settlement approved by the Court and any determination affecting the classes of which you are a member, whether favorable or not, unless you mail to the Clerk of Court on or before November 8, 1973, a written election to be excluded from the classes of plaintiffs. If you elect to be excluded from the class or classes as herein defined, you will remain free to pursue on your own behalf whatever legal rights you may have, but you will not be entitled to participate in any distribution from the settlement fund.

3. If you desire to be excluded from this litigation, complete the form herein and mail it to the Clerk of Court at the address below not later than November 8, 1973.

4. If you do not elect to be excluded from the class of plaintiffs, you may, but need not, enter an appearance through counsel of your choice, and you will have all the rights set forth in Rule 23 of the Federal Rules of Civil Procedure. If you do not request exclusion or enter an appearance, you will be represented by attorneys of record for the class representatives.

The notice set forth the time and place for the hearing "to consider the fairness and adequacy of the proposed settlements and the allocation

of the settlement fund among the plaintiff classes," and directed all inquiries concerning the case to the Clerk of Court.

**3.** It has been suggested that a claim notice such as that ordered by the district court in this case, which bars claims not filed before a particular date, may indeed be *inconsistent* with rule 23(c)(2) if proffered as part of a (c)(2) notice, since it would have the effect of requiring potential class members to "opt in." *See, e. g., Robinson v. Union Carbide Corp.*, 544 F.2d 1258, 1262 (5th Cir. 1977) (Wisdom, J., concurring); *Korn v. Franchard Corp.*, 456 F.2d 1206, 1209–10 (2d Cir. 1972); *In re Franklin Nat'l Bank Securities Litigation*, 73 F.R.D. 25, 27 & n.1 (E.D.N.Y.1976); Manual for Complex Litigation § 1.45, at 59 (1977); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1787, at 159 (1972).

**4.** Rule 23(d)(2) states in part:

In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; . . . . .

standards of due process to which the class action procedure is of course subject, rather than the requirements of rule 23(c)(2) as interpreted in *Eisen.* *See, e. g.,* 3B Moore's Federal Practice ¶ 23.01, at 23–36 (2d ed. 1977).

 Whether due process commands that nonparty class members be given notice of a particular turn of an action after they have received actual notice of the action itself is dependent upon whether such notice is required for the fair representation of their interests. *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *see* Fed.R.Civ.P. 23(a)(4). In this respect the trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them; and pursuant to this responsibility the court is vested with broad administrative as well as adjudicative power. *See Greenfield v. Villager Industries, Inc.,* 483 F.2d 824, 832 (3d Cir. 1973); Note, *Developments in the Law—Class Actions,* 89 Harv.L.Rev. 1318, 1411 (1976). As was stated in *United States v. Truckee-Carson Irrigation District* regarding notice in (b)(1)(A) class actions:

> Rule 23(d)(2), of course, does not provide for a specific manner of notice or the form of the notice. These are matters left to the court's discretion to be dictated by the circumstances of each case. Any notice must, of course, comport with due process, but this does not mean that personal service . . . must be made.

71 F.R.D. 10, 18 (D.Nev.1975). Given the complexity of managing settlements in large antitrust class actions such as the *Gypsum Antitrust Cases, see, e. g.,* Miller, "Problems in Administering Judicial Relief

in Class Actions Under Federal Rule 23(b)," 54 F.R.D. 501 (1972), and considering the court's duty to protect the settlement fund from depletion as well as to insure that class members are apprised of proceedings that may finally determine their interests, it would be difficult to say that due process requires a personal claim notice to be mailed to nearly one-half million class members who have already received the (c)(2) settlement notice.[5] Certainly here, where the court did in fact order such a notice to be sent, due process is not offended by the fact that the notice—though actually received and read by an officer of Advance at that corporation's last known address—was addressed to Len's. The notice addressed to Len's was consistent with the fair representation of Advance's interests under the circumstances.

### Abuse of Discretion

On February 5, 1974, the district court approved the mailing of the claim notice advising the recipient that, if he had not previously excluded himself from his class, he must make a claim against the settlement fund by April 5, 1974. At a subsequent hearing, the court ordered the filing date extended to May 28, 1974—seven months after Advance received the (c)(2) notice, and more than three months after Pohutsky received the claim notice. There is no question that in the distribution of a large class action settlement fund, "a cutoff date is essential and at some point the matter must be terminated." *Reports of the Conference for District Court Judges,* 63 F.R.D. 231, 262 (1973); *see* Manual for Complex Litigation § 1.45, at 60 (1977). Nor is there any question that seven or

---

**5.** Professor Miller, noting the development of the modern class action from the representative suit in equity, has observed that "with increasing frequency the federal courts are being called upon to use their discretion, and in many cases their ingenuity, to shape decrees or to develop procedures for ascertaining damages and distributing relief that will be fair to the parties but will not involve them in any unduly burdensome administration of the award." Miller, "Problems in Administering Judicial Relief in Class Actions Under Federal Rule 23(b)(3)," 54 F.R.D. 501, 504 (1972). Neither rule 23 nor due process requires that a settlement fund be depleted in efforts to perfectly address mailed claim notices. It is fair and reasonable to proceed, as the district court did here, by mailing claim notices to last known addresses of potential class members and by publication.

even three months is ordinarily a sufficiently long period within which class members may file claims.[6] However, Advance properly urges that the district court had discretion to grant late claims. *See Zients v. LaMorte,* 459 F.2d 628, 630–31 (2d Cir. 1972); *cf. Manhattan-Ward, Inc. v. Grinnell Corp.,* 490 F.2d 1183, 1186 (2d Cir. 1974) (court has discretion to extend class member's time to opt out under Fed.R.Civ.P. 6(b)(2) and 60(b)(1) as well as generally under Rule 23). Advance argues that since the district court permitted other late-filed claims in connection with this settlement, its denial of Advance's claim constituted an abuse of that discretion.

In opposition to this argument, the Claims Review Committee points out that the district court allowed only those late-filed claims which were timely set in motion.[7] The materials appended to appellant's brief do not contradict this. Thus, the district judge commented:

> . . . I would have discretion to permit a claim and allow a late claim when there's good and sufficient cause shown therefor.
>
> A good and sufficient cause may indicate that the claim was set in motion, that the notary didn't send them the claim or sign it, or someone didn't do something after the machinery was set in motion.

The scope of appellate review of the district court's disallowance of a late claim is narrow. In reviewing the court's exercise of its discretion, we are not to "substitute our ideas of fairness for those of the district judge in the absence of evidence that he acted arbitrarily," *Patterson v. Newspaper & Mail Deliverers' Union,* 514 F.2d 767, 771 (2d Cir. 1975), *cert. denied,* 427

U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976), and such evidence must constitute a "clear showing" of abuse of discretion, *Flinn v. FMC Corp.,* 528 F.2d 1169, 1172 (4th Cir. 1975), *cert. denied,* 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 734 (1976). As was stated in this Circuit thirty years ago:

> An abuse of discretion is plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found.
>
> The test is not what this court would have done under the same circumstances—that is not enough. The court must feel that only one order could have been entered on the facts.

*Bowles v. Quon,* 154 F.2d 72, 73 (9th Cir. 1946). The record does not support the contention that the court abused its discretion. Appellant has made no showing that its claim was treated in a fashion inconsistent with those of other claimants similarly situated. The trial judge ruled that denying Advance's claim was a "regrettable conclusion, but there has to be a cutoff point . . . ." We conclude from the authorities and the evidence in this case that the court acted within its discretion.

AFFIRMED.

---

6. *See, e. g., Manhattan-Ward, Inc. v. Grinnell Corp.,* 490 F.2d 1183, 1184–85 (2d Cir. 1974) (two months); *Rubenstein v. Republic Nat'l Life Ins. Co.,* 74 F.R.D. 337, 348 (N.D.Tex.1976) (45 days); *West Virginia v. Chas. Pfizer & Co.,* 314 F.Supp. 710, 724–25 (S.D.N.Y.1970) (two months), *aff'd,* 440 F.2d 1079 (2d Cir. 1971), *cert. denied,* 404 U.S. 871, 92 S.Ct. 81, 30

L.Ed.2d 115 (1971); *cf. Greenfield v. Villager Industries, Inc.,* 483 F.2d 824, 833–34 (3d Cir. 1973) (one month insufficient).

7. For example, in one instance a claimant requested a claim form prior to the May 28 deadline, but did not receive it until afterward.