700 P.2d 1385

A.J. BAYLESS MARKETS, INC., an Arizona corporation, Petitioner,

v.

SUPERIOR COURT OF PIMA COUNTY and the Honorable Michael J. Brown, a judge thereof, Respondent,

and

Dorothy TOBEY, a real party in interest; Betty J. Reed, a real party in interest, Respondents.

No. 2 CA–SA 0207.

Court of Appeals of Arizona, Division 2, Department B.

April 25, 1985.

Lewis & Roca by John P. Frank, Richard S. Cohen and Karen L. Carter, Phoenix, for petitioner.

Miller & Pitt, P.C. by Grace McIlvain Williams and Richard M. Martinez, Tucson, for real parties in interest.

OPINION

HATHAWAY, Presiding Judge.

Petitioner A.J. Bayless Markets, Inc. (Bayless) is the defendant in two consolidated cases filed by the real parties in interest as class actions in the superior court. The amended complaint alleges that Bayless discriminated against its female employees in its promotion and pay practices, and seeks monetary damages as well as injunctive relief. Following certification of the class under Rule 23(b)(3), Rules of Civil Procedure, 16 A.R.S.,[1] notice of the action required by Rule 23(c)(2)[2] was sent by first class mail to approximately 3,300 individual

---

1. All subsequent references to the rules in this opinion are to the Rules of Civil Procedure, 16 A.R.S.

2. Rule 23(c)(2) provides:

"In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be

class members at their last known addresses, as determined from Bayless' employment records. Of those notices, approximately 672 were returned as undeliverable.

Following a three-week trial conducted solely on the issue of liability, the trial court issued lengthy and detailed findings of fact and conclusions of law, holding inter alia that Bayless had indeed violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Arizona Civil Rights Act, A.R.S. § 41–1481, et seq., that the class was entitled to injunctive relief, and that it was also "presumptively" entitled to back pay. The real parties in interest then filed a motion requesting the court to approve their proposed plan for notifying class members under Rule 23(d)(2)[3] of the adjudication of liability, their potential eligibility for additional salary, and the necessity of filing a claim form. Under the plan, which was prepared by professional media consultants, notice would be given by television, radio and newspaper throughout the state, in addition to individual notice by first class mail. As proposed, the television and radio notices would read as follows:

> "The following message is for all present and past female employees of A.J. Bayless grocery stores: If you have worked at an A.J. Bayless grocery store at any time since July 27th, 1979, you may be eligible for money that should have been paid to you but wasn't. Because of Bayless's discriminatory employment practices, an Arizona superior court has ruled that A.J. Bayless discriminated against its female employees ... and ... the judge will now determine how much back pay female employees are entitled to re-

ceive, because of Bayless's discrimination.

> However, you must file a claim form before the deadline. Claim forms were mailed to all female employees in the past ten days. If you haven't received yours, please call 602–792–3836, and the attorneys for the female employees will send you a form.

> Again, if you are a female who has worked at an A.J. Bayless grocery store at any time since July 27th, 1979, you may be eligible for additional salary. If you have not received your claim form, please call 602–792–3836."

The estimated cost of the proposed media notice is approximately $34,000.

Bayless filed an opposition to the motion, requesting the court to reject the proposed plan on the ground that the notice was "unnecessarily negative and would be highly damaging and prejudicial to Defendant's business interest...." It further requested the court to eliminate the use of mass media from the class notice procedure and order that alternative means of direct notice be utilized. Arguing that the propriety of the form of notice was governed by the "best notice practicable" standard of Rule 23(c)(2), Bayless contended that the proposed media plan did not meet that standard and that alternative follow-up methods of direct notice should be utilized. Specifically, Bayless requested that notice be sent initially by first class mail and that members be given 45 days from the date of mailing in which to file a proof of claim.

During that period, Bayless would utilize alternative methods to attempt to provide direct notice to those class members whose

---

identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel."

**3.** Rule 23(d)(2) provides in pertinent part:
  "In the conduct of actions to which this rule applies, the court may make appropriate or-

ders: ... (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; ...."

original notices had been returned as undeliverable. These would include (1) preparing a form of notice acceptable to the Social Security Administration to be forwarded to the last known business address of the members; (2) mailing notice to the last known address and guaranteeing postage for forwarding to a new address known by the post office; (3) checking current telephone directories; (4) publishing names of missing class members and requesting them or anyone knowing their whereabouts to contact counsel for the class representative; (5) checking other public records; (6) utilizing the services of a private investigator.

At the conclusion of the 45-day period, if the court believed additional notice were needed, it would be published in newspapers of general circulation in the state. Given the size of the class, the number of members not yet notified, the likelihood that some members had moved out of state, and the cost of the media notice, Bayless argued, its alternative notice procedures were the "best notice practicable under the circumstances...." Rule 23(c)(2).

The trial court conducted a two-day hearing and received testimony directed largely toward the efficacy of the proposed media notice. Following the hearing, the court approved the use of the media plan, finding that newspaper advertisements alone would not be sufficient, that the media plan was well-designed to reach the particular class of women in this lawsuit, and that the cost was not unreasonable under the circumstances. This special action followed.

The issue before us is a very narrow one: In a Rule 23(b)(3) class action, where the class is relatively small in size and the members of the class are known to the parties, and where initial notice of the action under Rule 23(c)(2) by first class mail has failed to reach approximately 23% of the class, does the trial court abuse its discretion in ordering that subsequent notice under Rule 23(d)(2) of the adjudication

of liability and the necessity of filing proof of claim be given by publication without first attempting to provide actual notice through alternative methods? For the reasons set forth below, we conclude that this question must be answered in the affirmative. We further find special action relief to be appropriate, inasmuch as those who may be injured by the notice procedures ordered by the trial court—class members who do not receive notice—will not have a remedy by way of appeal. We therefore assume jurisdiction and grant relief.

Before this court, Bayless has argued that the trial court violated its due process rights by ordering the utilization of a form of notice whose cost and negative impact on Bayless is totally disproportionate to the benefits, in terms of achieving actual notice to class members, that are likely to result. While we agree that due process rights are implicated here, it is not a violation of Bayless' rights that gives us cause for concern, nor are we required to pass on the question of the propriety of the proposed media campaign per se. Rather, the rights in issue here are those of the class members who did not receive the original notice of the pending lawsuit sent by first class mail pursuant to Rule 23(c)(2). Their right to notice must be analyzed initially with reference to the nature of the class action.

■ A judgment in a class action is binding upon all persons whom the court finds to be members of the class. Rule 23(c)(3). An exception is made in the case of Rule 23(b)(3) class actions for those members who elect to exclude themselves following the initial notification under Rule 23(c)(2).[4] Because the judgment will effectively determine the substantive rights of the class members, due process requires the court to be particularly concerned with the means utilized to afford notice of the pendency and progress of the action.

"A procedure such as the class action, which has a formidable, if not irretrievable, effect on substantive rights, can

**4.** This court was advised by counsel at oral argument that approximately 200 members of

the class had exercised their option to be excluded.

comport with constitutional standards of due process only if there is a maximum opportunity for notice to the absentee class member, *i.e.*, '[T]he best notice practicable under the circumstances including individual notice. . . .'

Given that class action procedures are conceptualized as an exception to the general rule that only parties to a lawsuit are legally bound by a final judgment, and that interested parties normally have a real voice in the strategy and management of the litigation, the procedure can be tolerated, if not completely justified, only if there is fealty to both the spirit and the letter of the procedural rules, especially those relating to notice. Responsibility for compliance is placed primarily upon the active participants in the lawsuit, especially upon counsel for the class, for, in addition to the normal obligations of an officer of the court, and as counsel to parties to the litigation, class action counsel possess, in a very real sense, fiduciary obligations to those not before the court. The ultimate responsibility of course is committed to the district court in whom, as the guardian of the rights of the absentees, is vested broad administrative, as well as adjudicative, power.

Not the least important of the fiduciary duties shared by counsel and the court is their duty to ensure that absentee class members have knowledge of proceedings in which a final judgment may directly affect their interests." *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 831–832 (3rd Cir.1973) (footnotes omitted).

In addressing the notice standards applicable under Rule 23, the *Greenfield* court turned to the supreme court's seminal decision in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), holding that notice by publication failed to satisfy due process requirements since, under the circumstances of that case, it was not reasonably calculated to reach those who could be informed by other means available. The *Greenfield* court then concluded that, where the names and addresses of class members were easily ascertainable, due process required individual notice as the "best notice practicable" under Rule 23(c)(2). 483 F.2d at 832.

■ While *Greenfield* involved an initial notification under Rule 23(c)(2) rather than subsequent notice under Rule 23(d)(2), the same consideration for compliance with due process and the same duty of the trial court have been held to pertain in the latter situation. In *In re Gypsum Antitrust Cases*, 565 F.2d 1123 (9th Cir.1977), acknowledging that subsequent proof of claim procedures in 23(b)(3) litigation are subject to Rule 23(d)(2), which accords much broader discretion to the trial court than Rule 23(c)(2), the court concluded:

"The sufficiency of the (d)(2) claim notice here is thus measured against the broader standards of due process to which the class action procedure is of course subject, rather than the requirements of rule 23(c)(2). . . .

Whether due process commands that nonparty class members be given notice of a particular turn of an action after they have received actual notice of the action itself is dependent upon whether such notice is required for the fair representation of their interests. [citations omitted] In this respect the trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them; and pursuant to this responsibility the court is vested with broad administrative as well as adjudicative power." 565 F.2d at 1126–1127.

The obligation of the trial court is even more apparent where, as here, a significant number of known class members clearly did not receive the initial notification of the pending action. This obligation is implicit in the criteria for notice expressed in Rule 23(d)(2) "for the protection of the members of the class or otherwise for the fair conduct of the action," and is ultimately mandated by due process.

■ The evidence before the trial court showed that the only attempt at actual

notice, a first class mailing, had failed to reach at a minimum 672 members of the class. Bayless' request is for an additional 45 days in which to attempt to achieve actual notice to the individual members before resorting to notice by publication. There has been no showing, nor do we think there could be, that this brief delay in the proceedings could in any way prejudice the real parties in interest. To the extent that such efforts at actual notice are successful, they are clearly preferable to notice by publication. Under these circumstances, the trial court failed to fulfill its obligation to the absent class members, and accordingly abused its discretion, by refusing to pursue further attempts at actual notice before resorting to notice by publication. We express no opinion as to the propriety of the media plan as a method of achieving notice by publication. That determination, as well as the need for such notice, must be made by the trial court once the results of Bayless' attempts at actual notice are known.

The order of the trial court is vacated, and the cause is remanded for further proceedings consistent with this opinion.

LACAGNINA and LIVERMORE, JJ., concur.