In re WIREBOUND BOXES
ANTITRUST LITIGATION
(Two Cases).

TCI, INC., A. Lakin & Sons, Inc., Ronald Collins, doing business as Ron–O's Seafood; William Consalo & Sons, Inc., CYNBA International, Inc., Tom Lazio Fish Co., Inc., Vegetable Growers Supply Co., Vineland Cooperative Produce Association, Inc., Plaintiffs–Appellees,

v.

WIREBOUND BOX MANUFACTURERS ASSOCIATION, INC., Great American Wirebound Box Company (formerly known as Great Southern Wirebound Box Company); Little Rock Crate & Basket Co., American Box Company and Altamil Corporation; The Martin Bros. Container & Timber Product Corporation, Georgia–Pacific Corporation, Stone

Container Corporation (formerly known as Southwest Forest Industries, Inc.) and Southwest Subsidiary Company, General Box Co., Whitchurch Management Corporation, Charles G. Whitchurch; Wisconsin Box Co., Defendants,

v.

GUIN BASKET & CRATE CO.,
Claimant–Appellant.

TCI, INC., A. Lakin & Sons, Inc., Ronald Collins, doing business as Ron–O's Seafood; William Consalo & Sons, Inc., CYNBA International, Inc., Tom Lazio Fish Co., Inc., Vegetable Growers Supply Co., Vineland Cooperative Produce Association, Inc., Plaintiffs–Appellees,

v.

WIREBOUND BOX MANUFACTURERS ASSOCIATION, INC., Great American Wirebound Box Company, Little Rock Crate & Basket Co., American Box Company and Altamil Corporation, Defendants,

The Martin Bros. Container & Timber Products, Corp., Defendants–Appellees,

Georgia–Pacific Corporation, Stone Container Corporation, (formerly known as Southwest Forest Industries, Inc.) and Southwest Subsidiary Company, General Box Co.; Whitchurch Management Corporation; Charles G. Whitchurch, Wisconsin Box Co., Defendants,

v.

McALLEN BAG & SUPPLY CO., INC., Bud Antle, doing business as Bud of California, Inc., Bookout and Mitchell Supply, Inc., Claimants–Appellants.

Nos. 92–1571, 92–2192.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.
Decided April 19, 1993.

Lance William Riley, Minneapolis, MN, argued (Mark J. Vieno and Dean J. Dovolas, on the brief), for appellants.

Richard A. Lockridge, Minneapolis, MN, argued (Vance K. Opperman, Richard A. Lockridge and Karen M. Hanson, on the brief), for appellees.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Appellants[1] appeal from final orders entered in the United States District Court for the District of Minnesota[2] approving the rejection of appellants' claims to certain antitrust settlement funds because their claims were either untimely filed or unsupported by necessary documentation. *In re Wirebound Boxes*, No. MDL–793 1991 WL 502984 and 1992 WL 477082 (D.Minn. Oct. 3, 1991, Apr. 17, 1992). For reversal, appellants argue the district court abused its discretion in approving the rejection of their claims. For the reasons discussed below, we affirm the orders of the district court.

## I.

These consolidated appeals arise from disputes about the administration of an almost $9 million settlement fund that is the result of a class action alleging price fixing and other anti-competitive conduct in the wirebound box industry from 1960 to 1988. The fund is administered by plaintiffs' class counsel. Following the settlement, with the approval of the district court, plaintiffs' class counsel mailed a notice of hearing and claim form to thousands of potential class members. The notice of hearing and claim form expressly stated that the deadline for submitting claim forms was May 1, 1991, and required documentation of claims. The district court later extended the deadline to June 15, 1991.

Appellants were purchasers and distributors of wirebound boxes. Each appellant sent plaintiffs' class counsel a letter before the deadline stating that it was submitting a claim but was in the process of assembling the necessary documentation. Plaintiffs' class counsel sent each appellant at least one letter expressly advising that a letter was not a claim form and that each should submit a claim form, with supporting documentation, as soon as possible. On July 11, 1991, Guin Basket & Crate Co. (Guin) submitted a claim form for more than $5 million in wirebound box purchases, with two supporting affidavits, plus a letter from a former Guin customer listing checks sent to Guin. In late August 1991 plaintiffs' class counsel denied this claim as untimely filed and as unsupported by sufficient documentation.

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. McAllen Bag & Supply Co., Bud Antle, Inc., d.b.a. Bud of California, Bookout & Mitchell Supply, Inc., were claimants in one action, and Guin Basket & Crate Co. was a separate claimant. Their appeals were consolidated for purposes of review on appeal.

2. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota.

On December 18, 1991, McAllen Bag & Supply Co. submitted a claim form for almost $8 million in purchases, plus an affidavit and some business records documenting its claim. On December 26, 1991, Bud Antle, Inc., and Bookout & Mitchell Supply, Inc., submitted their claim forms for more than $3 million and some $300,000 in wirebound box purchases, respectively, plus affidavits and some business records. Plaintiffs' class counsel denied each of these claims as untimely filed and did not reach the merits.

Appellants objected to the denials of their claims, arguing that they had been unable to timely file their claims because their business records had been destroyed long ago or were simply missing or were otherwise available only in an inconvenient format such as in bookkeeping ledgers. The district court approved the denials and this joint appeal followed.

## II.

Appellants argue the district court abused its discretion in approving plaintiffs' class counsel's denial of their claims as untimely filed or as unsupported by necessary documentation. They argue the time period for filing claims was too short and that their letters to plaintiffs' class counsel should have been considered as timely filed claims which were later amended with additional information. They argue that it was extremely difficult, if not impossible, to compile the necessary documentation because none of the available records were in computer form and many had simply been destroyed in the ordinary course of business. Appellants contend that plaintiffs' class counsel should have been more helpful in obtaining the necessary records from class defendants and that appellants were not given an opportunity to discuss the adequacy of their claims or to cure any deficiencies. Appellants further argue that, to the extent their substantial claims for a share of the settlement are disallowed, other claimants are being overcompensated.

 We review the district court's decision for abuse of discretion. The district court's decision in class action settlement claims will be given deference absent evidence that the court acted arbitrarily. *In re*

*Gypsum Antitrust Cases,* 565 F.2d 1123, 1128 (9th Cir.1977) (quoting *Patterson v. Newspaper & Mail Deliverers' Union,* 514 F.2d 767, 771 (2d Cir.1975), *cert. denied,* 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976)); *Flinn v. FMC Corp.,* 528 F.2d 1169, 1172 (4th Cir.1975), *cert. denied,* 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 734 (1976); *see also Truax v. Bowen,* 842 F.2d 995 (8th Cir.1988); *Jackson v. Schoemehl,* 788 F.2d 1296 (8th Cir.1986); *Grunin v. International House of Pancakes,* 513 F.2d 114 (8th Cir. 1975). We conclude the district court did not abuse its discretion in approving the denial of appellants' claims as untimely filed.

It is in the best interest of all class members to observe and enforce the deadlines for submissions of claims against the settlement fund. The district court addressed this consideration by extending the deadline to file claims from May 1, 1991 to June 15, 1991 and making August 12, 1991 the deadline for objecting to the rejection of a claim. Appellants were informed of the deadlines, yet they never moved for or requested an extension of the deadlines. Appellants did not substantiate their claims of undue hardship. Over 350 claims were submitted and only 47, including the four claims involved in these appeals, were denied. Requiring documentation for claims against the settlement fund was entirely appropriate and essential to insure equitable distribution among the class members. The fact that over 300 class members were able to submit properly documented, timely claims refutes appellants' contention that the claims procedure constituted an undue hardship.

Accordingly, the orders of the district court are affirmed.