Misty BRANNON; et al., Plaintiffs—
Appellants,

and

Julio Reyes, et al.; et al., Plaintiffs,

v.

HOUSEHOLD INTERNATIONAL INC.;
et al., Defendants—Appellees.

In re: Household Lending Litigation,

Julio Reyes, et al.; Plaintiffs,

v.

Household International Inc.; et
al., Defendants—Appellees.

v.

Beverly Heaverlo, Appellant.

Nos. 05–16205, 05–16335.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed June 1, 2007.

---

Breean Breggs, Esq., Center For Justice, Spokane, WA, for Plaintiffs–Appellants.

H. Tim Hoffman, Hoffman & Lazear, Oakland, CA, Sarah E. Siskind, Miner Barnhill & Galland, Madison, WI, for Plaintiffs.

Stephen J. Newman, Esq., Stroock & Stroock & Lavan, Los Angeles, CA, Jonathan P. Hayden, Esq., Heller Ehrman,

LLP, San Francisco, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and IKUTA, Circuit Judges.

### MEMORANDUM *

In No. 05–16205, Misty and Daniel Brannon, Susan and Danny Reeves, Hope and Leonard Dunn, and Robert Penny (collectively "the Brannon appellants") appeal the district court's denial of their motion to opt out of a class settlement with Household International, Inc. ("Household") after the deadline for opting out had passed. In No. 05–16335, Beverly Brewer Heaverlo ("Heaverlo") appeals the district court's denial of her similarly late motion to opt out of the Household settlement class. The underlying facts and procedural history are known to the parties and will not be repeated here. Because we discern no abuse of discretion in the district court's denial of these belated motions, we affirm.

### I

■ The Brannon appellants first argue that their agreement with Household's internal counsel Andrew Budish constitutes an effective expression of their desire to opt out of the settlement. We cannot agree. The class notice stated that "[i]f you or someone acting on your behalf is currently litigating similar claims against HFC/Beneficial either individually or as part of a class, you may be barred from

pursuing such claims if you do not timely request exclusion from the Settlement Class." The fact that ongoing negotiations were taking place does not excuse the Brannon appellants from compliance with the judicially ordered exclusion procedures. *See Nat'l Student Mktg. Litig. v. Barnes Plaintiffs,* 530 F.2d 1012, 1015 (D.C.Cir.1976); *Penson v. Terminal Transp. Co., Inc.,* 634 F.2d 989, 996 (5th Cir.1981).

■ The Brannon appellants also contend, however, that the district court abused its discretion in failing to find excusable neglect in the filing of their late motion to opt out. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (setting forth the excusable neglect analysis under Fed.R.Civ.P. 60(b)); *Silber v. Mabon,* 18 F.3d 1449, 1455 (9th Cir. 1994) (setting forth a list of factors for courts to consider when faced with a late motion to opt out of a class). We disagree.

First, the notice in this case was constitutionally sufficient. The Settlement Administrator mailed notice of the settlement and of the need to file a request to opt out to the class members' addresses of record. The Administrator published notices in, among others, the *USA Today* and the *Seattle Times* newspapers, maintained an internet website detailing the settlement and opt out procedures, and mailed a follow-up notice. In addition, the district court noted that quality control procedures were put in place by the Administrator. Given the large size of the class and its geographical distribution, the aforementioned procedures constitute "the best practicable notice" reasonably aimed at

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reaching the class. *Id.* at 1453–54.[1]

In addition, it is undisputed that all of the Brannon appellants and their counsel received notice of the class settlement by at least May 3, 2004, when Budish informed the Brannon appellants that direct negotiations would be terminated. The Rule 60(b) motion to opt out was not filed until February 14, 2005. The only reason proffered for this nine-month delay is that the Brannon appellants were attempting to secure local counsel to file the motion. *See Silber,* 18 F.3d at 1455 (district court should consider how quickly the belated opt out request was made once notice was received). We believe that it was within the discretion of the district court to find that such a lengthy delay for this reason alone was not excusable. *See also In re Painewebber Ltd. P'ships Litig.,* 147 F.3d 132, 135–36 (2d Cir.1998).

II

■ Appellant Heaverlo argues that the district court should have granted her motion to opt out because she reasonably relied upon her counsel to file her notice of opt out and that confusion was the only reason such notice was never filed.[2] Heaverlo's contention that her reliance upon counsel was reasonable and therefore automatically constitutes excusable neglect is effectively foreclosed by *Pioneer Inv.*

*Servs. Co.,* 507 U.S. at 396–97, 113 S.Ct. 1489. In *Pioneer,* the Supreme Court made clear that in the context of a Rule 60(b) motion, the mistakes of counsel, even where a client reasonably relies on counsel's competence, are fairly attributable to the client. *Id.* Thus, "in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Id.* at 397, 113 S.Ct. 1489 (emphasis in original).

■ The district court did not abuse its discretion in determining that the eleven-month delay by Heaverlo and her counsel in filing the motion to opt out was not excusable. Heaverlo received actual notice of the class settlement prior to the opt out deadline, yet did not file her belated motion to opt out until eleven months after such deadline. *See Silber,* 18 F.3d at 1455 (noting that one of the factors in determining whether there was excusable neglect such to allow a late opt out motion is "how quickly the belated opt out request was made once notice was received"). Other than oversight and confusion, which need not be excused, no other reason was put forth for this lengthy delay; accordingly, the district court was within its broad discretion in denying Heaverlo's late motion to opt out.[3]

1. We therefore also reject the Brannon appellants' arguments that actual notice is required or that individually tailored notice is required. *See Silber,* 18 F.3d at 1453–54 (rejecting plaintiffs' argument that actual notice is required and concluding that the standard remains "best practicable notice" under *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

2. Household has filed a motion to strike portions of Heaverlo's opening brief and excerpts of record on the basis that such excerpts and references were not before the district court.

Because we do not consider such excerpts relevant to determining whether the district court abused its discretion, we have not considered those documents in reaching our conclusion. We deny Household's motion to strike as moot.

3. We note that although it is possible that we would weigh the *Silber* factors differently in the first instance, the question on appeal is whether the district court abused its discretion. In answering this question, we are mindful that "we are not to substitute our ideas of fairness for those of the district judge in the absence of evidence that he [or she]

## III

Because the district court acted within its broad discretion in denying the respective Rule 60(b) motions to opt out of the class settlement, the decision of the district court is

**AFFIRMED.**

acted arbitrarily." *In re Gypsum Antitrust Cases,* 565 F.2d 1123, 1128 (9th Cir.1977)

(internal quotations and citations omitted).