In re: Exxon VALDEZ.

Richard Newby, Plaintiff—Appellant,

v.

Exxon Mobile Corp.; Exxon Shipping Co., Defendants,

and

Lynn Lincoln Sarko, Administrator of the Exxon Qualified Settlement Fund, Defendant—Appellee.

No. 07–35714.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2008.*

Filed Aug. 11, 2008.

Douglas J. Serdahely, Esq., Patton Boggs LLP, Anchorage, AK, John F. Clough, III, Esq., Clough & Associates PC, Auke Bay, AK, for Defendants.

David W. Oesting, Esq., Karmyn Olmstead, Davis Wright Tremaine, LLP, Anchorage, AK, Defendant–Appellee.

Charles W. Coe, Esq., Anchorage, AK, for Plaintiff–Appellant.

Before: D.W. NELSON, TASHIMA and FISHER, Circuit Judges.

### MEMORANDUM **

Richard Newby ("Newby") appeals the decision of the district court finding him ineligible to participate in the Exxon Qualified Settlement Fund ("EQSF") because he did not file a timely claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

[1] First, Newby argues that the EQSF provided him with insufficient notice of the claims deadline and claim filing information under Federal Rule of Civil Procedure 23(c)(2). Rule 23(c) has no application to the district court's notice to potential class claimants of a claims deadline and claim filing information for a settlement fund, which is governed by Rule 23(d)(2). "[I]nstead of requiring individual

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

notice to all class members who can be identified through reasonable effort, [R]ule 23(d)(2) provides only that notice be given 'in a manner as the court may direct.'" *In re Gypsum Antitrust Cases,* 565 F.2d 1123, 1126 (9th Cir.1977). The sufficiency of such notice is measured "against the broader standards of due process." *Id.* at 1126–27. Even assuming that Newby's argument as to the insufficiency of this notice was neither waived for failure to present it to the district court nor untimely brought, Newby has not shown that the district court's order, which required publication of the claims filing deadline in local newspapers for three consecutive weeks, violated due process. Further, even assuming the court's order required plaintiffs' counsel to mail claims forms directly to all known class claimants, the district court found that Newby was not known to any class attorney as an identified claimant. This finding is not clearly erroneous, and so Newby's argument that he was entitled to individual notice fails.

■ Second, Newby argues that the district court erred by refusing him permission to file a late claim. We review the district court's disallowance of a late claim to a settlement fund for abuse of discretion. *In re Gypsum Antitrust Cases,* 565 F.2d at 1128. Although the district court accepted a limited number of other late-filed claims, we have firmly rejected Newby's argument that "since the district court permitted other late-filed claims in connection with [a] settlement, its denial of [appellant's] claim constituted an abuse of discretion." *Id.* Newby "has made no showing that [his] claim was treated in a fashion inconsistent with those of other claimants similarly situated." *Id.* Specifically, the district court found that other claimants had plausible excuses for not filing timely, whereas Newby offered no plausible excuse. These findings are not clearly erroneous and the district court therefore did not abuse its discretion by refusing to allow his late claim.

Third, Newby argues that the district court erred by refusing to consider his argument that he should be allowed to participate in any future punitive damages fund arising from the *Exxon Valdez* litigation, notwithstanding his failure to file a timely claim for compensatory damages with the EQSF. Newby was on ample notice that he needed to raise all objections to the Special Master in order to have them considered by the district court. His own notice of objections filed with the Special Master stated that "I understand that I must list all of my objections on this form now, and will not have a chance to make any additional objections later." The district court did not err by refusing to consider Newby's arguments made for the first time before the court.

**AFFIRMED.**