**April CLARK, et al., Plaintiffs,**

v.

**Marvin RUNYON, Postmaster General of the United States Postal Service, Defendant.**

**No. CIV 4-95-737(JRT/RLE).**

United States District Court, D. Minnesota.

March 14, 2001.

Richard T. Wylie, Law Office, and Dee Rowe, Law Office, Minneapolis, MN, for plaintiffs.

Mary Trippler and Joan Humes, Assistant United States Attorneys, Office of the United States Attorney, Minneapolis, MN, for defendant.

**ORDER ON THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED DECEMBER 01, 2000**

TUNHEIM, District Judge.

Class Counsel for plaintiffs brings a motion for an order to determine the disputed claims of various class members concerning allocation of the Settlement Fund. Class Counsel also moves for an order overruling claimants' disputes and objections to Class Counsel's determinations regarding allocation of the Settlement Fund in this case. The Court referred the matter to United States Magistrate Judge Raymond L. Erickson.

This matter is now before the Court on claimants' objections to the Report and Recommendation of the Magistrate Judge dated December 1, 2000. Claimants Shannon Kochendorfer and Margia Ealy object to the recommendation that their claims be denied. The Court has conducted a *de novo* review of claimants' objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts in part the Report and Recommendation of the Magistrate Judge and affirms Class Counsel's denial of the claim of Margia Ealy. With respect to the claim of Shannon Kochendorfer, the Court overrules Class Counsel's denial of the claim.[1]

---

1. Claimants Steven M. Kelley, Jacqueline Wilbon, Mary Turner, Arvie Dillon, Tanya Webster and Robert Mandell have not raised objections to the Report and Recommendation of the Magistrate Judge. The Court therefore

## BACKGROUND

The Court issued an Order Implementing Settlement Agreement on April 21, 2000, in which it instructed Class Counsel to submit to the Court any unresolved disputes concerning Proof of Claims that had been filed against the Settlement Fund. The Magistrate Judge heard argument on Class Counsel's motion, which involved several such disputes, on August 23, 2000. Those disputes arose when certain claimants were denied a portion of the Settlement Fund.

In order to be entitled to a portion of the Settlement Fund, a claimant was to submit to Class Counsel a Proof of Claim form that would enable Class Counsel to determine if the claimant was a legitimate member of the certified plaintiff class.[2] Once Class Counsel determined that the claimant was a member of the certified class, that person was assigned a portion of the Settlement Fund based upon the facts contained in the Proof of Claim form. A point distribution system, which attributed points to respective claimants based on the number of positive responses provided on the Proof of Claim form, was used to determine the amount of the Settlement Fund allocated to each class member. The disputes raised here that are the subject of Class Counsel's motion are those disputes raised by certain claimants after Class Counsel allocated portions of the Settlement Fund based on the Proof of Claim forms.

## OBJECTIONS

### 1. Objection of Shannon Kochendorfer

Claimant Shannon Kochendorfer objects to Magistrate Judge Erickson's recommendation affirming Class Counsel's rejection of her claim. Specifically, Kochendorfer contends that her untimely filing of the Proof of Claim form was justified because of extenuating personal circumstances as well as because other class members had told her that the deadline for filing Proof of Claim forms had been extended from May 11, 2000 until May 30, 2000. According to Kochnedorfer, her young son had surgery in April 2000 that required significant follow-up care. Although Kochendorfer admits receiving a letter from Class Counsel in early May informing her that Proof of Claim forms had to be returned by May 11, 2000, she maintains that she had begun to fill out the Proof of Claim form on May 5, 2000, but did not complete the form until sometime after May 11, 2000. The Proof of Claim form was postmarked May 27, 2000. She also attributes the delay in submitting the form to her need to retrieve certain information necessary to complete the form.

Kochendorfer filed a claim for 10 points. If her claim had been approved, she would have been entitled to 6 points because, according to Postal Service records, she worked either as a transitional employee or regular employee for 6 quarters during the relevant class period. There is no dispute that Kochendorfer is a member of the plaintiff class or that she suffered racial discrimination at the Post Office. Ko-

adopts the recommendations of the Magistrate Judge concerning those claimants.

2. The class was defined as follows:
   Bargaining Unit Employees of the United States Postal Service in the Main Post Office and Annex, Minneapolis subsequent to November 21, 1991 and prior to July 1, 1994, who during that time did not exercise

supervisory or managerial authority, and who are African Americans who (1) have been discriminated against because of their race or color in the terms and conditions of their employment through exposure to a hostile working environment, or (2) have been retaliated against due to complaints about racial harassment.

chendorfer essentially requests that the Court invoke its equitable power to allow her legitimate, but untimely claim.

■ The Court has equitable power to allow late-filed proofs of claim and late-cured proofs of claim. *Zients v. LaMorte,* 459 F.2d 628, 630 (2nd Cir.1972); *In re Cendant Corp. Prides Litig.,* 189 F.R.D. 321, 323 (D.N.J.1999). Courts have often treated requests to accept late-filed or late-cured proofs of claim as motions to extend the time to comply with a court-ordered deadline. *In re Cendant Corp.,* 189 F.R.D. at 323. A court-ordered deadline for filing proofs of claim may be enlarged under Federal Rule of Civil Procedure 6(b)(2) if the movant can demonstrate the delay was caused by "excusable neglect." *In re Crazy Eddie Sec. Litig.,* 906 F.Supp. 840, 844–45 (E.D.N.Y.1995); *Mermelstein v. Bank of New York,* 985 F.Supp. 320, 323 (E.D.N.Y.1997) (allowing three late proofs of claim). Determination of excusable neglect requires an examination of all relevant circumstances surrounding the delay. *Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The relevant factors to consider in making this determination include "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489.

■ Evaluation of the totality of the circumstances surrounding the delay in this case warrants permitting Kochendorfer's claim. There is little, if any, prejudice to defendant because of the delay here. The Settlement Fund has already been established and permitting one additional claim will not materially affect allocation of settlement funds. The length of the delay in this case was minimal—only 16 days after the deadline. Additionally, there is little impact on the judicial proceedings in allowing Kochendorfer's claim. This case has been on-going for almost 10 years and a 16 day delay has not unreasonably hampered the proceedings.

The Court must also evaluate the reasons for the delay in this case. In making that evaluation, the Court must examine Kochendorfer's reason for the untimely filing in order to determine whether the neglect is excusable. *In re Cendant,* 189 F.R.D. at 325–26. Excusable neglect is an elastic concept, may encompass inadvertent delays, and is not limited strictly to omissions by circumstances beyond the control of the movant. *Pioneer,* 507 U.S. at 391–92, 113 S.Ct. 1489. Here, Kochendorfer explained that her son had recently undergone surgery and that significant follow-up care was necessary, distracting her from promptly submitting the Proof of Claim form. Additionally, she maintains that she needed to recover old records that were in storage in order to verify her employment dates and other information required by the form. Finally, she submits that coworkers told her that the submission date had been extended until May 30, 2000. While Kochendorfer should clearly have taken responsibility for contacting Class Counsel to determine whether an extension had, in fact, been granted, the Court is persuaded that Kochendorfer's neglect, when considered in light of the totality of the circumstances, is excusable. Kochendorfer acted in good faith and there is little, if any, prejudice to defendant or other class members from the delay. Kochendorfer's legitimate claim to settlement funds based on acknowledged racial discrimination should not be rejected on a technicality. For the reasons set forth above, Class Counsel's Motion for an Order affirming Class Counsel's denial of the claim of Shannon Kochendorfer is denied and Kochendorfer's claim of 6 points is allowed.

## 2. Objection of Margia Ealy

Margia Ealy also objects to the recommendation of Magistrate Judge Erickson claiming that she is entitled to a larger portion of the Settlement Fund than allocated to her. Class Counsel rejected Ealy's Proof of Claim form, which requested an allocation of 8 points, and instead awarded her 4 points because she was a bargaining unit employee for only four calendar quarters during the relevant class period. The Magistrate Judge affirmed Class Counsel's conclusion and found that Ealy was entitled to 4 points.

Ealy does not challenge the determination that she was employed as a bargaining unit employee for only 4 calendar quarters, but rather argues that she is entitled to a larger portion of the Settlement Fund because while working at the Post Office she was subjected to a hostile environment, which included witnessing an employee draw a handgun. The Court does not question Ealy's contentions, but has no basis for altering Class Counsel's allocation of 4 points. Claimant did not proffer any additional evidence supporting her claim for 8 points. As a result, the Court adopts the recommendation of the Magistrate Judge affirming Class Counsel's decision to allocate Ealy 4 points.

### ORDER

Based on the foregoing and all of the records, files, and proceedings herein, the Court **GRANTS in part** [Docket No. 350] and **OVERRULES in part** [Docket No. 346] claimants' objections and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation [Docket No. 342]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Class Counsel's Motion for and Order affirming Class Counsel's denial of the claims of Mary Turner [Docket No. 307] is **GRANTED;**

2. Class Counsel's Motion for an Order affirming Class Counsel's denial of the claim of Tanya Webster [Docket No. 311] is **DENIED;**

3. Class Counsel's Motion for an Order affirming Class Counsel's denial of the claim of Jacqueline Wilbon [Docket No. 315] is **DENIED;**

4. Class Counsel's Motion for an Order affirming Class Counsel's denial of the claim of Margia Ealy [Docket No. 319] is **GRANTED;**

5. Class Counsel's Motion for an Order affirming Class Counsel's denial of the claim of Shannon Kochendorfer [Docket No. 323] is **DENIED;**

6. Class Counsel's Motion for an Order denying the claim of Arvie Dillon [Docket No. 327] is **GRANTED;**

7. Class Counsel's Motion for an Order denying the claim of Steven Kelley [Docket No. 333] is **GRANTED;** and

8. Class Counsel's Motion for an Order denying the claim of Robert Mandell [Docket No. 336] is **DENIED.**